IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

AERO-FAB, INC.,

                Debtor-in-Possess.

JEFFREY S. MAYNARD,
                Appellant,

v.                                 CIVIL ACTION NO.    3:21-0206
                                BANKRUPTCY CASE NO.  3:10-bk-30836
INTERNAL REVENUE SERVICE,

                Appellee.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Appellant Jeffrey S. Maynard's Appeal from the United States Bankruptcy Court. For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's Memorandum Opinion and Order denying Jeffrey S. Maynard and AFI, LLC's ("AFI") Motion to Reopen and Jeffrey S. Maynard's Motion to Enforce Corrected Amended Order Approving Sale of Assets.

**I. FACTUAL BACKGROUND**

      On October 8, 2021, Aero-Fab, Inc. ("Aero-Fab" or "Debtor") filed a Voluntary Bankruptcy Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Voluntary Petition at 1-3, ECF No. 2-1. Ronald Maynard owned Aero-Fab. *Id.* Instead of confirming a Chapter 11 Plan of Reorganization, Aero-Fab used the Chapter 11 process to sell its assets. *See* Debtor's Motion Authorizing Sale of Property, ECF No. 2-5; Plan of Reorganization,

ECF No. 2-18. The IRS objected to the Plan (ECF No. 2-2) and filed a motion to convert the case to a Chapter 7 liquidation (ECF No. 2-3). It filed to convert the case because Debtor had failed to pay its post-petition employment taxes as they became due. *See* Motion of the IRS to Convert or Dismiss at 1-2, ECF No. 2-3.

Debtor filed a motion to authorize an asset sale. *See* Debtor's Motion Authorizing Sale of Property at 2. One of these sales was to AFI. *Id.* at 2. Aero-Fab agreed to sell both real and personal property to AFI, initially for $300,000. *Id.* at 1-2. When the IRS objected to the asset sale and challenged the reasonableness and fairness of the purchase price, the price was increased by an additional $100,000. *See* Debtor's Amended Motion Authorizing Sale of Property at 1, ECF No. 2-19. Both the original and amended motion requested that "the Bankruptcy Court enter an order confirming that the Buyer will not be responsible for any of the liabilities or obligations of Aero-Fab, Inc." *See* Debtor's Motion Authorizing Sale of Property at 3; Debtor's Amended Motion Authorizing Sale of Property at 5. The motions both identify the proposed purchaser as AFI, LLC and state that it is owned by Jeffrey ("Jeff") Maynard, the son of Aero-Fab's owner Ronald Maynard. *See* Debtor's Motion Authorizing Sale of Property at 2; Debtor's Amended Motion Authorizing Sale of Property at 2-5.

On November 22, 2013, the Bankruptcy Court heard argument on the Debtor's Amended Motion to sell. *See* Transcript of Proceedings, ECF No. 2-11. The following exchange took place on the record:

> THE COURT: Okay. Any other parties here have questions that you want to -- or concerns about this sale, on the amended terms, that would include a greater sales price, $400,000, as I understand, for virtually all the operating assets.
> MR. CALDWELL[1]: Well, Mr. Maynard is still going to have considerable personal tax exposure, because he's the owner.

---

[1] Mr. Caldwell was Debtor Aero-Fab's counsel.

|   |   |   |
|---|---|---|
| THE COURT: | | Which Mr. Maynard? |
| MR. CALDWELL: | | Mr. Ron Maynard. |
| THE COURT: | | How are – |
| MR. CALDWELL: | | Because he's the owner. |
| THE COURT: | | -- but – |
| MR. CALDWELL: | | He's going to be responsible for unpaid trust fund taxes that remain |
| THE COURT: | | -- okay. But the buyer, Mr. Maynard, is not going to have responsibility for those, is that my – |
| MR. CALDWELL: | | That's correct. The sale motion indicated that Jeff Maynard, who is the son, as soon as he came forward with an interest, I told him to get an accountant, and he's been working with [Huddleston Bolen] since then. I've previously dealt with a Dan Conrad. |

*Id.* at 16-17.

Four days after this hearing was held, Jeff Maynard formed A.F.I. Sheet Metal, LLC. *See* Business Organization Detail, https://apps.sos.wv.gov/business/corporations/organization.aspx?org=326011 (last visited December 6, 2021). An amended final sale order was entered on December 4, 2013. *See* Amended Order Approving Sale of Assets under Section 363 ("Final Sale Order"), ECF No. 2-7. The Final Sale Order noted that the property sold subject to two liens: the first in favor of First Sentry Bank ($215,000) and the second in favor of the Internal Revenue Service ("IRS") ($256,042). *Id.* The sale proceeds were to be distributed in the following order: first, to pay for the sale itself, next to First Sentry Bank, next to the administrative claim of CPA Jeff Porter, and then the balance to the IRS. *Id.* at 2.

In both the first and fourth paragraphs, the Final Sale Order identified the purchaser as AFI, LLC. *Id.* at 1-2. It also noted Jeff Maynard's insider status by stating "the Purchaser, AFI, LLC, is owned by Jeff Maynard, the son of Ronald Maynard, the owner of the Debtor." *Id.* at 2. However, in paragraph F, it also noted "[t]he purchaser, who is the son of the owner of the Debtor was disclosed as an insider as a part of the sale procedure." *Id.* at 3. The identity of the purchaser is important because the Final Sale Order essentially contained a release from liability for the

purchaser.[2] Lastly, the Final Sale Order stated that "[t]he [Bankruptcy] Court will retain jurisdiction of this transaction for the purposes of enforcing the provisions of the order and the amended purchase agreement." *Id*. at 3.

An Amended Asset Purchase Agreement identifies AFI, LLC as the Buyer of the assets. *See* Amended Asset Purchase Agreement, ECF No. 3-3. The same acknowledges that Maynard is an insider and owner and twice notes that "the Buyer is owned by Jeffrey Maynard." *Id*. A deed was filed on January 6, 2014, memorializing the transfer of Aero-Fab's real property. *See* Ex. A, ECF No. 2-9. The Deed specified that the assets were sold to "AFI, LLC." *Id*. at 7. The deed also stated that AFI assigned its rights to purchase the property to its owner, Jeff Maynard. *Id* at 7, 9. According to the Report of Sale filed on January 7, 2014, AFI paid consideration of $400,000 for the assets. Report of Sale at 1, ECF No. 3-4. Debtor Aero-Fab received a net sum of $159,462 following the payoff to its accountant, the payoff to First Sentry Bank, and a holdback for quarterly fees to be owed to the Office of the U.S. Trustee. *Id.* On June 4, 2014, the Bankruptcy Court closed the Chapter 11 case, as no further administration was required. Order, ECF No. 3-5. After the terms of the Final Order were complete, the IRS assessed Trust Fund Recovery Penalty liability ("TFRP") against Jeff Maynard individually, for the balance of the monies owed by the Debtor.[3] *See* Appellant's Brief at 5, ECF No. 5; Appellee's Brief at 5-6, ECF No. 6.

---

[2] The Final Sale Order stated that "[t]he sale of the property shall be free and clear of liens, claims, encumbrances and interests with the liens to attach to the proceeds." Final Sale Order at 3. It further stated that, "[p]ursuant to 11 U.S.C. § 360(f), the purchaser should take title to and possession of the assets free and clear of any and all liens, claims, liabilities, interests and encumbrances. All such liens, claims, liabilities, interest and encumbrances shall attach solely to the proceeds of the sale." *Id*. at 3. It also noted that "all persons and entities are hereby enjoined from taking any action that would adversely affect to [or] interfere with the ability of the Debtor to sell and transfer the assets." *Id*. at 2-3.

[3] TRFP liability exists under 26 U.S.C. § 6672 which provides that "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any

## II. PROCEDURAL HISTORY

On August 3, 2020, AFI and Jeff Maynard filed a Motion to Reopen Proceedings to enforce the Final Sale Order. *See* Purchaser's Mot. to Reopen, ECF No. 2-8. They alleged that the IRS "sandbagged" them by assessing a TFRP for unpaid, post-petition taxes owed by Aero-Fab just after closing of the sale. *See e.g., id.* Essentially their argument relied on the above-referenced language in the Final Sale Order (and the resulting argument that Jeff Maynard was the Purchaser) and noted that Appellant would not have agreed to purchase the property had he known that he could be liable for the post-petition tax liens. *Id.* The Government replied, arguing that the Bankruptcy Court should not reopen the case where it was futile to do so, because Jeff Maynard was never relieved from personal liability as part of the Order of Sale. *See e.g.,* Response to Motion to Reopen Proceedings, ECF No. 2-9. Accordingly, Jeff Maynard's recovery was barred by the Anti-Injunction Act ("AIA"), and instead, his only option was to seek a refund. *Id.* AFI and Jeffrey Maynard's reply noted that the Final Order states that the Bankruptcy Court would retain jurisdiction for enforcement and argued that the transcript of proceedings supported a finding that Jeffrey Maynard was exempt from tax liability. *See e.g.,* Reply, ECF No. 2-10.

The Bankruptcy Court denied both Motions. *See e.g.,* Mem. Op. and Order, ECF No. 1-1. It found that there was no reason to reopen the case, as doing so would be futile and a waste of judicial resources. *Id.* at 10-11. This was specifically because the Movants (Jeff Maynard and AFI) "under the guise of a motion to compel… are asking this Court to enjoin the IRS from collecting a tax it has assessed, as nothing in the record indicates that Jeff Maynard has attempted to sue the IRS for a refund." *Id.* at 9-10. The Court found that the practical effect and the relief sought would

---

manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over…."

enjoin the IRS from collecting the tax and conflicted with the AIA. *Id*. Because the AIA "unequivocally applies to the underlying conflict in this case… the Court lacks jurisdiction to decide whether Jeff Maynard is properly liable for the trust fund obligation assessed by the IRS." *Id*. at 11. The lack of the jurisdiction made the Motion to Reopen futile, and the Bankruptcy Court denied both motions and declined jurisdiction.

Appellant chose to appeal to this Court pursuant to 28 U.S.C. § 158(c)(1). The parties' arguments are largely the same on appeal. Jeff Maynard's argument turns on the assertion that he was the purchaser of Aero-Fab and, as such, was exempt from trust fund liability by the Final Sale Order's express terms. *See* Appellant's Brief at 6-7, ECF No. 5. Accordingly, when he filed his Motion to Reopen, the Bankruptcy Court erred as a matter of law in refusing subject-matter jurisdiction, erred as a matter of law by refusing to enforce the express terms of the settlement agreement, and abused its discretion in failing to sanction the IRS. *Id*. The Government contends that AFI was the purchaser and so Jeff Maynard's request for relief from separate, personal tax liability is barred by the AIA. *See* Appellee's Brief at 7-8, ECF No. 6. It frames the questions on appeal as whether the Bankruptcy Court erred in finding AFI was the purchaser and in refusing to reopen the case. *Id*. at 3.

### III. STANDARD OF REVIEW

Finding of facts are reviewed for clear error and questions of law are reviewed de novo. *See Birmingham v. PNC Bank, N.A.* (*In re Birmingham*), 846 F.3d 88, 90 (4th Cir. 2017). Accordingly, the determination that Jeff Maynard was the purchaser is reviewed for clear error. *Id*. Whether the Bankruptcy Court erred by holding it lacks subject matter jurisdiction (and thus refusing to enforce the terms of the Final Sale Order) is question of law that is reviewed de novo. *See Educ. Credit Mgmt. Corp. v. Kirkland* (*In re Kirkland*), 600 F.3d 310, 314 (4th Cir. 2010).

Whether the Bankruptcy Court erred in deciding not to reopen the case is reviewed for abuse of discretion. *Milton v. United States* (*In re Milton*), 2000 WL 201543 (4th Cir. 2000). Whether the Bankruptcy Court erred in failing to sanction the IRS is also subject to an abuse of discretion standard. *Property Movers, LLC., v. Goodwin* (*In re Property Movers*), 31 Fed. App'x 81, 83 (4th Cir. 2002).

## V. ANALYSIS

A. Purchaser Status

The Bankruptcy Court did not clearly err when it found that AFI was the purchaser, rather than Jeff Maynard individually.[4] The Bankruptcy Court did not make a finding of fact that explicitly states that the purchaser was AFI rather than Jeff Maynard, individually. However, it did note that Debtor's sale "was to AFI. Aero-Fab agreed to sell both real and personal property to AFI. The final sale order… acknowledged the insider status of the purchaser; the owner of AFI, Jeff Maynard, was the son of Aero-Fab's owner." Mem. Op. and Order at 2. Further, the identity of the purchaser was crucial to the Bankruptcy Court's finding that it lacked jurisdiction. *See id.* at 9-11.

If Maynard was the "Purchaser" identified by the Final Sale Order, the Bankruptcy Court would likely have concluded that it retained the power to enforce the terms of its final order, not that it lacked jurisdiction to issue injunctive relief and absolve Jeff Maynard of his liabilities to the IRS. *See id.* at 12. *See also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude

---

[4] Parties seemingly do not agree that there was a finding of fact made as to purchaser identity. Appellant tends to characterize the issue as one of whether the Bankruptcy Court erred by refusing to enforce the express terms of the settlement agreement. But this question of law, of course, necessitates a finding of whether Appellant was the purchaser.

the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."). Instead, it found that it was being asked "to enjoin the IRS from collecting a tax it has assessed, as nothing in the record indicates that Jeff Maynard has attempted to sue the IRS for a refund," which ran squarely against the provisions of the AIA. *Id.* at 9-10. Only upon a finding that AFI is the purchaser, does it become clear that, even if it enforced the Final Sale Order, the Bankruptcy Court could not provide any relief to Jeff Maynard.

When looking at the entire record, the Bankruptcy Court was faced with considerable evidence that AFI was the purchaser. The Order of Sale and related documents repeatedly identify the purchaser or buyer as AFI, LLC. See Final Sale Order at 1-2; Report of Sale Order at 1; Amended Asset Purchase Agreement at 1; Deed at 1. Paragraph F, which identifies the purchaser as the "son of the Debtor of the owner" is not enough to overcome these explicit statements to the contrary, and seems more aimed at disclosing his insider status, considering the introductory paragraphs of the Order refer to the purchaser as AFI. *See* Final Sale Order at 3.

Nor does the Debtor's comment at the hearing that Jeff Maynard would avoid liability individually overcome the explicit terms of the Final Sale Order. In *Thaxton*, the Bankruptcy Court noted during a confirmation hearing that the claim for debtors' trust fund recovery penalty would be "fully paid." *In re Thaxton,* No. 2:09-BK-20649, 2017 WL 2371121, at *2 (Bankr. S.D.W. Va. May 30, 2017). When the debtors later asserted that this comment meant that the IRS could not collect post-petition interest on the debt, the Court rejected the argument, noting that "the predecessor judicial officer's stray observation… does not approach the type of express statement of discharge that would suffice under *In re Espinosa*." *See id.* at *3 (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264 (2007)). Even if Jeff Maynard subjectively and

erroneously believed that there was a condition of sale that existed releasing him from personal liability, this is not enough to overcome the express terms of the Agreement. Thus, the Bankruptcy Court did not commit clear error in finding AFI was the purchaser.

B. Jurisdiction

Because the Bankruptcy Court found nothing in the Final Sale Order that granted Jeff Maynard individual relief from personal tax reliability, it determined that it could not enforce the order. This is a question of law to be reviewed de novo; the Bankruptcy Court was correct in finding it lacked jurisdiction. The AIA prohibits lawsuits "for the purpose of restraining the assessment or collection of any tax..." subject to certain exceptions. 26 U.S.C. § 7421(a). Additionally, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed…until a claim for refund or credit has been duly filed with the Secretary…." 11 U.S.C. 7422(a).

The Supreme Court has interpreted the principal purpose of the AIA to be "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference…." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (internal citations omitted). "Courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes." *Jud. Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003); *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999) ("The Anti–Injunction Act withdraws all courts' jurisdiction over suits filed 'for the purpose of restraining the assessment or collection of any tax.'"). Further, there is "no express provision in the Bankruptcy Code indicating Congressional intent that the Code supersede the Anti-Injunction

Act." *Clark v. United States* (*In re Heritage Vill. Church and Missionary Fellowship*), 851 F.2d 104, 105 (4th Cir. 1998).

Because Jeff Maynard was not protected by the Bankruptcy Court's order, he was asking the Bankruptcy Court to enjoin the IRS from collecting a tax, which is clearly prohibited by the terms of the AIA. Accordingly, the Bankruptcy Court properly found it lacked jurisdiction to order the relief requested. Further, were this Court to agree with Appellant, the practical effect of finding that the Bankruptcy Court erred and that it must enforce its order and find that Jeffrey Maynard is not individually liable, continues to, at base, amount to a finding that the IRS is enjoined from collecting an assessed tax, which runs squarely into the province of the AIA. Mr. Maynard must then follow the appropriate channels of relief and instead attempt to sue the IRS for a refund.

C. Failure to Reopen

A bankruptcy case may be reopened "in the court in which such case was closed to… accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Federal Rules of Bankruptcy Procedure also permit a case to be reopened "on motion of the debtor or another party in interest." Fed. R. Bank. P. 5010. The Fourth Circuit has instructed courts to take a discretionary approach which considers the "totality of the circumstances in each case" in deciding whether to reopen a case. *Hawkins v. Landmark Finance Co.* (*In re Hawkins*), 727 F.2d 324, 326 (4th Cir. 1984). "[A] court should not reopen a case where it appears that to do so would be futile and a waste of judicial resources." *In re Rollison*, 579 B.R. 67, 70 (Bankr. W.D. Va. 2018). The Bankruptcy Court correctly found that it did not have jurisdiction over the issues because of the AIA. Thus, reopening the case would be futile. *See* Mem. Op. and Order at 11. The Court agrees

that reopening a case merely to hold that there is no jurisdiction meets the textbook definition of futility, and thus the Bankruptcy Court did not err.

D. Sanctions

The Appellant also now contends that the Bankruptcy Court abused its discretion by failing to sanction the IRS. *See* Appellant's Brief at 13-14. The Bankruptcy Court made no findings on the applicability of sanctions for this Court to review.  Further, there is no indication of bad faith on the part of the IRS in complying with an order's explicit terms and later choosing to assess a tax against Jeff Maynard as an individual. Accordingly, sanctions are not warranted in the matter

VI. CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the Judgment of the Bankruptcy Court and **DISMISSES** Jeffrey S. Maynard's Appeal. The Court **ORDERS** this case removed from its docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     December 13, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE